UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDY GRIFF, | Civil Action No. 12-1836 (MAS) |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| GALAXE SOLUTIONS, INC., | |
| Defendant. | |

This matter comes before the Court on Defendant GalaxE Solutions, Inc.'s ("Defendant" or "GalaxE") Motion for a Protective Order precluding production of certain of its client contacts' business addresses [dkt. no. 19]. Pro Se Plaintiff Randy Griff ("Plaintiff") opposed the Motion [dkt. no. 22]. The Court has considered the submissions of the Parties pursuant to FED. R. CIV. P. 78 and, for the reasons set forth herein, Defendant's Motion is **DENIED**.

**I.**

In this action, Plaintiff alleges he was wrongfully terminated from his position with GalaxE because of his race. GalaxE is a privately owned information technology corporation. Decl. of J. Campagna, ¶¶ 2-3. Plaintiff worked as a Project Manager for GalaxE from January 28, 2011 until he was terminated on October 18, 2011. Id. at ¶¶ 8, 16.

During the course of Plaintiff's employment with GalaxE, he worked with three client contacts (the "client contacts") on a regular basis.[1] According to GalaxE, it received complaints

---

[1] Plaintiff's Document Request "y." seeks the "current or last known . . . business address for those [three] individuals who are employed by Defendant's client." T. Speedy Decl., Ex. A. The Requests are made "for the purposes of depositions that will be conducted by the Plaintiff." Id.

from two of the client contacts regarding Plaintiff's performance. Def.'s Br. at 3.[2] These complaints were initially articulated to Plaintiff's managers who, in turn, documented the concerns in a series of emails to Plaintiff's four supervisors. Decl. of J. Campagna, ¶¶ 13-14.

Plaintiff's supervisors subsequently conducted an independent review of Plaintiff's 10 month work history with GalaxE. Id. at ¶ 14. In evaluating Plaintiff's performance, the supervisors considered: (a) Plaintiff's failure to understand or attempt to understand the deliverables and coordinate efforts to deliver them on time; (b) Plaintiff's failure to update the project plan; (c) Plaintiff's failure to communicate with other GalaxE employees on his team and clients; and (d) the reflections of the GalaxE managers who spoke with the individual clients regarding the effectiveness of Plaintiff. Id. Following this independent review, Plaintiff's supervisors made the decision to terminate Plaintiff. Id. at ¶ 16. Plaintiff was terminated on October 18, 2011. Id.

## II.

Of course, the scope of discovery in federal litigation is broad. Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and information sought by the parties need not be admissible at trial if it is reasonably calculated to lead to admissible evidence. FED. R. CIV. P. 26(b)(1). The precise boundaries of the Rule 26 relevance standard depend upon the context of each particular action, and the determination of relevance is within the discretion of the District Court. See Barnes Found. v. Twp. of Lower Merion, 1996 WL 653114, at *1 (E.D. Pa. Nov. 1, 1996). Importantly, "courts have construed this rule liberally, creating a broad vista for discovery." Takacs v. Union County, 2009 WL

---

[2] GalaxE claims there is no email or other document from GalaxE that identifies this third client contact as complaining about Plaintiff. Def.'s Br. at 4. Plaintiff, however, has identified this individual as a contributing factor in his removal from his first GalaxE project. Pl.'s Br. at 5.

3048471, at *1 (D.N.J. Sept. 23 2009) (citing Tele-Radio Sys. Ltd. v. DeForest Elecs., Inc., 92 F.R.D. 371, 375 (D.N.J. 1981)).

While undoubtedly broad, however, the scope of discovery "is not boundless." Unicasa Mktg. Group, LLC v. Spinelli, 2007 WL 2363158, at *2 (D.N.J. Aug. 15, 2007). Consistent with its obligations under FED. R. CIV. P. 26(b)(1), a court may nonetheless limit discovery of relevant information. See FED. R. CIV. P. 26(c)(1); see also FED. R. CIV. P. 26(b)(2)(C). Pursuant to Rule 26(c)(1), "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

"Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." And, "[t]he injury must be shown with specificity." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) (citation omitted). Thus, "'[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." Id. (citation omitted). "The burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the order." Id. at 786-77.

"In considering whether good cause exists for a protective order, the federal courts have generally adopted a balancing process." Id. at 787 (citation omitted). The Court "must balance the requesting party's need for information against the injury that might result if uncontrolled disclosure is compelled." Id. (citation omitted).

### III.

GalaxE seeks a protective order relieving it of any duty to disclose the business addresses of the client contacts requested by Plaintiff. In support of its Motion, GalaxE claims: (1) disclosure of the client contacts' business addresses will invade the privacy interests of GalaxE

3

and its clients; (2) the probative value of the information sought is minimal; (3) the harm to GalaxE's business relationships will be significant; and (4) alternative means exist for Plaintiff to obtain the information. These arguments will be addressed in turn.

First, GalaxE has not articulated a persuasive reason to withhold the addresses based on confidentiality or privilege. GalaxE states, "[b]ased upon the expectation of privacy between GalaxE and its clients, placing an affirmative duty on GalaxE to produce confidential business addresses would unnecessarily infringe on this confidential relationship." Def.'s Br. at 9. GalaxE cites no legal authority to support this position. But "[t]he party resisting discovery has the burden of clarifying and explaining its objections and to provide support therefor." Tele-Radio Sys. Ltd. v. De Forest Electronics, Inc., 92 F.R.D. 371, 375 (D.N.J. 1981). GalaxE has not satisfied this burden.[3]

Second, the probative value of the information sought outweighs any injury that may result if uncontrolled disclosure occurred. GalaxE claims Plaintiff's view of his employment is irrelevant. Def.'s Reply at 2. Instead, according to Defendant, "GalaxE's (i.e., the decision-maker) perception of Plaintiff's performance is the only relevant consideration." Id. While this may be true, Billet v. CIGNA Corp., 940 F. 2d 812, 825 (3d Cir. 1991), Plaintiff should still be able to discover whether his supervisors had an independent and justifiable basis for his termination. This would go directly to his supervisors' perceptions. Indeed, GlaxaE cited the client contacts' concerns as one of its reasons for terminating Plaintiff. Plaintiff, in contrast, claims he had a "very good working relationship" with at least one of the client contacts. Pl.'s Br. at 6. Plaintiff, therefore, should be able to discover (from the sources) exactly what was communicated to the GalaxE managers.

---

[3] In any event, it seems unlikely that the parties to the confidentiality agreement had client addresses in mind when they agreed to limit disclosure of client business information.

4

Third, the harm cited by GalaxE is neither "clearly defined" nor "shown with specificity." See Pansy, 23 F.3d at 786. GalaxE states that its "relationship with this particular client will be disrupted and/or destroyed" if its address is disclosed. Pl.'s Br. at 11. GalaxE also claims that Plaintiff's "harassing and discriminatory behavior demonstrates that Plaintiff will make every effort to disrupt or destroy GalaxE's ability to transact business with its clients or interfere with GalaxE's employee relations." Id. at 11-12. Broad allegations of harm, however, "unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." Id. Here, GalaxE has not carried its burden of demonstrating a clearly defined injury with specificity.

Finally, Plaintiff's requests are not duplicative. GalaxE contends "it is reasonable to assume that at some point during Plaintiff's working relationship with [the client contacts] . . . Plaintiff would have learned the business addresses of these individuals." Pl.'s Br. at 13. Whether Plaintiff should or would have the requested information is not the point. Plaintiff has stated that he does not have the information. Pl.'s Br. at 9. Thus, GalaxE should be required to produce the addresses.

One additional point is noted. GalaxE also asks the Court to make an independent determination that Plaintiff has a legitimate, good faith intention to depose the client contacts in light of the procedural difficulties associated with securing their appearances. Def.'s Reply at 2. The Court acknowledges the procedural hurdles but nonetheless believes Plaintiff is entitled to the information he seeks. The Court therefore declines GalaxE's invitation to inquire as to whether Plaintiff will, in fact, be able to depose the client contacts. Nonetheless, the Court takes this opportunity to caution Plaintiff that he must proceed in good faith and use the client addresses for appropriate purposes only.

**IV.**

The Court having considered the papers submitted and opposition thereto and, for the reasons set forth above;

**IT IS** on this 21st day of May, 2013,

**ORDERED** that Defendant's Motion for a Protective Order is **DENIED**; and it is further

**ORDERED** that Defendant shall produce the client contacts' addresses within seven (7) days from the entry of this Order; and it is further

**ORDERED** that Plaintiff shall have until June 28, 2013 to complete all discovery associated with the client contacts; and it is further

**ORDERED** that the Parties shall file dispositive motions, if any, by July 31, 2013.

s/ *Douglas E. Arpert*

**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**